FILED
Mar 09, 2026
01:16 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | |
|---|---|
| ADRIANNE EASON,<br>　　　　Employee,<br>v.<br>FEDERAL EXPRESS<br>CORPORATION,<br>　　　　Employer,<br>and<br>INDEMNITY INSURANCE<br>COMPANY OF NORTH<br>AMERICA,<br>　　　　Carrier. | Docket No. 2025-60-2340<br><br><br>State File No. 59712-2023<br><br><br>Judge Joshua D. Baker |

## EXPEDITED ORDER DENYING BENEFITS

At an expedited hearing on March 4, 2026, Ms. Eason requested medical treatment for a left-knee mass, which developed after an August 2, 2023 work injury. Federal Express asserted the statute of limitations bars Ms. Eason's claim because she did not file a petition within one year after the last payment on her claim.

Because Ms. Eason did not file her petition timely or raise any applicable exceptions to the limitations defense, the Court finds she is unlikely to prevail at a final hearing.

## Claim History

While working for Federal Express on August 2, 2023, Ms. Eason strained her wrists, knees, and right ankle from jumping onto a loading dock to avoid being hit by a cargo tug. She received treatment until August 21, 2023, when her authorized doctor discharged her at maximum recovery.

1

More than a year later, in October 2024, she noticed a lump below her left kneecap. Over the next several months, she tried to doctor it herself. Ultimately, she emailed Federal Express on March 18, 2025, to ask for medical treatment.

However, the claim's adjuster refused to authorize treatment because Ms. Eason had not filed a petition within one year from the last payment on her claim. At the hearing, Federal Express entered the adjuster's affidavit into evidence with an attached payment ledger showing the claim's last payment issued March 8, 2024.

After Federal Express refused her treatment, Ms. Eason filed her petition on April 10, 2025.

## Factual Findings and Legal Conclusions

The Workers' Compensation Law governs when a petition must be filed where an employer paid benefits voluntarily, as here. Under the statute, "the right to compensation is forever barred, unless a petition for benefit determination is filed . . . within one (1) year from the latter of the date of the last authorized treatment or the time the employer ceased to make payments of compensation to or on behalf of the employee." Tenn. Code Ann. § 50-6-203(b)(2) (2025).

Here, Ms. Eason's last date of authorized treatment was August 21, 2023. Federal Express last paid benefits March 8, 2024, making that "the latter" date. Ms. Eason filed her petition more than a year later, on April 10, 2025.

Contrary to Ms. Eason's argument at trial, the "issuing date of the last payment of compensation by the employer, not the date of its receipt shall constitute the time the employer ceased to make payments of compensation." *Carpenter v. Am. Water Heater Co.*, 2024 TN Wrk. Comp. App. Bd. LEXIS 26, at *6-7 (July 12, 2024) (citing Tenn. Code Ann. § 50-6-203(c)). In *Carpenter*, issuance of the last voluntary payment of benefits to a medical provider triggered the running of the one-year statute of limitations.

Given that, the Court's decision is constrained by the date the last voluntary payment issued rather than the date the check cleared. Further, the date Ms. Eason requested medical treatment is immaterial, where the law requires a petition. Also, Ms. Eason did not present any applicable exceptions to suggest her claim is not barred by the statute of limitations.

The Court finds Ms. Eason is unlikely to prevail at a final hearing given the date Federal Express last paid benefits and the date she filed her petition.

It is **ORDERED** as follows:

1. Ms. Eason's request for benefits is denied at this time.

2. The Court sets a **status hearing for Tuesday, April 28, 2026, at 9:30 a.m. Central Time**. The parties must call (615) 741-2113 or (855) 874-0474 to participate. Failure to call might result in a determination of the issues without your participation.

**ENTERED March 9, 2026.**

_____
**JUDGE JOSHUA D. BAKER**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as shown on March 9, 2026.

| Name | Certified Mail | Regular mail | Email | Sent to |
|---|---|---|---|---|
| Adrianne Eason, Employee | | | X | easonadrianne@gmail.com |
| Jamie Glass, Jonathan West, Employer's attorneys | | | X | jamie.glass@qpwblaw.com<br>jonathan.west@qpwblaw.com<br>judy.hamer@qpwblaw.com |

_____

Penny Shrum
Clerk, Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the
Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-
stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.


_____

*[Signature of appellant or attorney for appellant]*